IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRANDON BURNS and KEVIN NESSLAND,<br><br>Plaintiffs,<br><br>vs.<br><br>MISSOULA COUNTY DETENTION FACILITY RECORDS CUSTODIAN, NURSE LG, MELISSA ANDREWS, NURSE NA, and MISSOULA COUNTY DETENTION FACILITY'S MEDICAL PROVIDER,<br><br>Defendants. | CV 14-00074-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiffs Brandon Burns and Kevin Nessland's proposed Complaint and Motions to Proceed in Forma Pauperis. (Docs. 1, 2, 3.) Burns and Nessland both signed the Complaint which raises two claims. The first is their common claim that they were denied medical care based upon Defendants alleged failure to provide them adequate pain medication. The Complaint alleges Burns suffers from severe pain, immobility, and swelling as a result of a bilateral hip replacement for which he had been prescribed (prior to his incarceration) 800 mg of ibuprofen three time a day. Nessland suffers from pain, swelling, and tendinitis in both knees due to a double knee reconstruction.

1

Nessland's physician had prescribed him 800 mg of ibuprofen twice a day for this condition. (Complaint, Doc. 3-1 at 1.)

The second claim, which pertains only to Burns, is that Burns was arrested by a parole officer on February 14, 2014 and held at the Missoula County Detention Facility without a bond appearance or notice of any kind until March 5, 2014 when he was served with a hearing notice for March 7, 2014. Burns requested from the Detention Facility the statutory authority for the hold several times during the three weeks he was in the facility but was not provided the information. He alleges that he was either held illegally or the Detention Facility "is in violation of not providing citizens with public documents on demand as guaranteed by statute with mandatory language with creates a federally protected liberty interest." (Complaint, Doc. 3-1 at 3-4.)

Burns and Nessland are no longer incarcerated at the Missoula County Detention Facility. On March 18, 2014, Burns filed a notice of change of address indicating he is now incarcerated at the START Program in Anaconda, Montana. (Doc. 5.) Correspondence sent to Nessland at the Missoula County Detention Facility has been returned as undeliverable. (Doc. 7.)

## I. Motions to Proceed in Forma Pauperis

Prisoners seeking to bring a civil action in forma pauperis are subject to the

restrictions and requirements of the Prison Litigation Reform Act. One such requirement is "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1). Accordingly, while a prisoner plaintiff granted pauper status may be allowed to pay only an initial partial filing fee, he ultimately will be required to pay the full filing fee through installment payments drawn from his inmate trust account.

The three federal circuits that have directly considered the issue all have agreed that this statutory requirement of full payment of the filing fee remains applicable when multiple prisoners seek to join as co-plaintiffs in a single action, such that each prisoner still must pay the full filing fee. *See Hagan v. Rogers*, 570 F.3d 146, 155–56 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1197–98 (11th Cir. 2001). Finding this authority persuasive, both Burns and Nessland may each be required to pay the full filing fee.

Burns and Nessland each submitted a separate motion to proceed in forma pauperis but Nessland failed to provide a copy of his account statement with his motion. In addition, Nessland has not responded to the Clerk of Court's March 17, 2014 letter telling him an account statement was necessary. Without a proper

account statement, the Court cannot rule on Nessland's motion. As there is no way to contact Nessland, the Court will recommend that his motion to proceed in forma pauperis be denied and he be dismissed from this action.

Burns submitted a declaration and account statements which this Court finds to be sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, his request to proceed in forma pauperis will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Burns is required to pay the statutory filing fee for this action of $350.00. Because the Court does not know the current balance of Burns' account, it will waive payment of an initial partial filing fee. However, Burns will be obligated to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. By separate order, the Court will direct the agency having custody of Burns to forward payments from Burns' account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Preliminary Screening

Pursuant to the federal statute governing proceedings in forma pauperis, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; *see also Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984). Accordingly the Court must

now prescreen the Complaint and identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. *Id.*

**A. Medical Care**

To state a § 1983 claim for failure to provide medical care, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

In the Ninth Circuit, the test for deliberate indifference to medical needs is two-pronged: (1) "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and (2) "the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012)(quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

The second prong requires a showing of: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 quoting *Jett*, 439 F.3d at 1096. "Such

5

indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. U.S.,* 838 F.2d 390, 394 (9th Cir. 1988)(citing *Estelle*, 429 U.S. at 104-05). Allegations that treatment has been requested and denied because a difference of opinion with medical staff, absent more, do not state a claim for deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Even assuming Burns suffers a serious medical need, under the liberal standard applied to pro se pleadings, Burns' Complaint as currently plead is insufficient to establish deliberate indifference. Burns alleges Defendants were deliberately indifferent because they refused to provide ibuprofen for chronic pain. Burns was incarcerated at the Missoula County Detention Facility on February 14, 2014 and advised jail officials of his medical needs including his need for ibuprofen for his chronic pain. According to the grievance response to Burns' February 21, 2014 grievance, Facility protocol required that his medications be verified. Burns signed a medical release on February 21, 2014 which was faxed to the VA Medical Center on February 21, 2014. As of February 25, 2014, those records had not yet been received. Burns was advised that once the facility received his medical records they would be reviewed and a Nurse Practitioner

would determine what steps needed to be taken. (Grievance Response, Doc. 3-2 at 2.) Burns sent another medical request on February 26, 2014 to which the Facility responded stating they were still waiting on medical records from the VA and that he could purchase ibuprofen at the commissary. Burns has also submitted a copy of the Detention Facility's policy to not prescribe over-the-counter medication for long term and routine use by inmates. (OTC Medication Policy, Doc. 3-2 at 3.)

Burns was allowed to purchase ibuprofen from the commissary, although in limited amounts, and according to his account statement submitted with his motion to proceed in forma pauperis, he had funds available to purchase such medications. (Doc. 1-1; Complaint, Doc. 3-1 at 2.)

Given all of these facts, the Court cannot say Defendants were deliberately indifferent to Burns' medical needs. Waiting for a reasonable period of time for medical records to verify prescriptions is not deliberately indifferent. Burns was requesting ibuprofen which he could obtain at the commissary. Although, it might not have been in the quantities he wanted, it was available. Finally, Burns was only held at Missoula County Detention Facility for approximately one month. Therefore, any denial of the amount of ibuprofen he believed was necessary was temporary. Burns has not alleged sufficient facts to establish deliberate indifference to a serious medical need. This claim should be dismissed.

## B. Notice of Parole Violation

Burns' second claim also fails to state a claim. Burns alleges he was arrested by a parole officer on February 14, 2014 and transferred to the Missoula County Detention Facility. He was held without notice or hearing until March 5, 2014 when he was served with a hearing notice for March 7, 2014. He alleges that Mont. Code Ann. § 46-23-1023(2) only allows the holding of a parolee for 12 hours if a parole officer alleges a parole violation and detains the offender. He complains that although he requested a copy of the statutory authority to hold him, it was never produced. (Complaint, Doc. 3-1 at 3.)

Mont. Code Ann. § 46-23-1023(2) provides:

> (2) Any probation and parole officer may arrest the parolee without a warrant or may deputize any other officer with power to arrest to do so by giving the officer oral authorization and within 12 hours delivering to the place of detention a written statement setting forth that the parolee has, in the judgment of the probation and parole officer, violated the conditions of the parolee's release. A written statement or oral authorization delivered with the parolee by the arresting officer to the official in charge of the institution from which the parolee was released or other place of detention is sufficient warrant for the detention of the parolee or conditional releasee if the probation and parole officer delivers a written statement within 12 hours of the arrest. The probation and parole officer, after making an arrest, shall present to the detaining authorities a similar statement of the circumstances of violation.

The provision referred to by Burns regarding providing a statement within 12

hours applies if the parolee is not arrested by a parole or probation officer. Burns was arrested by a parole officer. Burns does not allege that a statement of the circumstances of the violation was not presented to the Missoula County Detention Facility, he simply alleges that he was not given a copy of the statement. Burns does not have a claim against the records custodian at the Missoula County Detention Facility for failing to provide him with a written statement of the charges under Mont. Code Ann. § 46-23-1023(2).

The question still remains, however, whether Burns' rights under the United States Constitution were violated. Burns' federal constitutional due process rights regarding the revocation of parole are set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972). There are generally two stages in a parole revocation–a preliminary hearing to determine whether there is probable cause that a parole violation has occurred and a final revocation hearing. *Id*. at 485-86. Due process requires that the preliminary inquiry be conducted "as promptly as convenient after arrest." *Id. at 485*. In *Pierre v. Washington State Bd. of Prison Terms & Paroles*, 699 F.2d 471 (9th Cir. 1983), the Ninth Circuit held even without an adequate preliminary hearing, a formal final revocation hearing held within 21 days of the suspension of parole fully complied with the due process requirements of *Morrissey*. The hearing "was prompt enough to qualify as the preliminary probable cause

determination required by *Morrissey*." *Id.* at 473.

Burns' allegation that he was held without notice or hearing from February 14, 2014 to until at least March 7, 2014 (21 days) fails to state a claim. Reasonable officials could have relied on *Pierre* in concluding that a 21–day delay was constitutionally permissible. This claim should be dismissed.

## III. Conclusion

Burns' allegations failed to state a claim upon which relief may be granted. These are not defects which could be cured by the allegation of additional facts. The Complaint should be dismissed.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Burns has failed to state a claim. The dismissal of this case should constitute a strike against Burns.

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on

10

> appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### C. Address Changes

At all times during the pendency of this action, Plaintiffs shall immediately

advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Burns' Motion to Proceed in Forma Pauperis (Doc. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on March 14, 2014.

Further, the Court issues the following:

**RECOMMENDATIONS**

1. Plaintiff Kevin Nessland's Motion to Proceed in Forma Pauperis (Doc. 2) should be denied and he should be dismissed from this case.

2. The Complaint (Doc. 2) should be dismissed.

3. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike against Burns pursuant to 28 U.S.C. § 1915(g).

5. The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Objections to these Findings and Recommendations may be filed within 14 days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 28th day of April, 2014.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.