IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRANDON BURNS and KEVIN NESSLAND,<br><br>Plaintiffs,<br><br>vs.<br><br>MISSOULA COUNTY DETENTION FACILITY RECORDS CUSTODIAN, NURSE LG, MELISSA ANDREWS, NURSE NA, and MISSOULA COUNTY DETENTION FACILITY'S MEDICAL PROVIDER,<br><br>Defendants. | CV 14-74-M-DLC<br><br>ORDER<br><br>FILED<br>MAY 19 2014<br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations on Plaintiffs Brandon Burns and Kevin Nessland's proposed Complaint and individual Motions to Proceed in Forma Pauperis. (Docs. 1, 2, 3.) The first claim in the Complaint alleges that both Plaintiffs were denied medical care based upon Defendants' failure to provide them adequate pain medication. The second claim is that Burns was either held illegally for the three weeks between his arrest and when he was served with notice for a hearing, or that in failing to provide the statutory authority for his hold, the Detention Facility

1

violated a federally protected liberty interest. Judge Lynch granted Burns' Motion to Proceed in Forma Pauperis, and recommended that the Court deny Nessland's Motion, dismiss the Complaint, and enter judgment in favor of the Defendants. Because the parties are familiar with the factual and procedural background of this case, it will not be repeated here.

Neither Plaintiff timely objected to the findings and recommendations, and so have waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the findings and recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax,* 235 F.3d 422, 427 (9th Cir. 2000).

The Court concurs with Judge Lynch's determination that Nessland's Motion to Proceed in Forma Pauperis should be denied. Nessland failed to provide a copy of his account statement with his motion, and did not respond to the Clerk of Court's March 17, 2014 letter informing him that an account statement was required. The docket reflect that both this letter and Judge Lynch's Findings and Recommendations were "returned as undeliverable" with a stamped explanation that reads "inmate released." (Docs. 7, 12.) Plaintiffs were instructed that they

2

"must immediately inform the Clerk of Court of any change in your address. Failure to do so may result in dismissal of your case without notice to you." (Doc. 4 at 2.) Burns complied with this requirement (Doc. 5), but Nessland has failed to do so in the two months since the first letter was returned as undeliverable. The Court cannot rule on Nessland's motion without an account statement. Accordingly, Nessland's Motion will be denied pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Court finds no clear error in Judge Lynch's analysis and recommendation that the Court dismiss the Complaint. Judge Lynch did not clearly err in finding that Burns has not alleged sufficient facts to establish deliberate indifference to a serious medical need. Likewise, Judge Lynch did not clearly err in finding that Burns does not have a claim against the records custodian at the Missoula County Detention Facility for failing to provide him with a written statement of the charges pursuant to Mont. Code Ann. § 46-23-1023(2). Finally, there is no clear error in Judge Lynch's finding that because reasonable officials could have concluded that a 21-day delay was constitutionally permissible, Burns' allegation that he was held without notice or a hearing for that period of time fails to state a claim. Accordingly, the Court will dismiss the Complaint in accordance with Judge Lynch's Findings and Recommendations.

3

Because Burns has failed to state a claim, the dismissal of this case will constitute a "strike" against him pursuant to 28 U.S.C. § 1915(g). Judge Lynch did not clearly err in his finding that the Complaint is frivolous because it lacks arguable substance in law or fact, and that no reasonable person would believe that an appeal would have merit. Therefore, the Court will certify that any appeal of this matter will not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

For the reasons articulated herein,

IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 8) is ADOPTED IN FULL.

(2) Plaintiff Kevin Nessland's Motion to Proceed in Forma Pauperis (Doc. 2) is DENIED, and Nessland is DISMISSED from this case.

(3) The Complaint (Doc. 3) is DISMISSED.

(4) The Clerk of Court is directed to close this matter and enter judgment in favor of the Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(5) The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike against Brandon Burns pursuant to 28 U.S.C. § 1915(g).

(6) The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes it clear that the Complaint is frivolous, as it lacks arguable substance in law or fact.

Dated this 19th day of May, 2014.

Dana L. Christensen, Chief Judge
United States District Court